UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZAINA DOUMAT, | Case No.: 2:23-cv-01231-APG-DJA |
| Plaintiff | **Order Granting Motion to Withdraw Admissions and Denying Motion for Summary Judgment** |
| v. | |
| TARGET CORPORATION, | [ECF Nos. 23, 24] |
| Defendant | |

Plaintiff Zaina Doumat sued defendant Target Corporation for negligence in this slip and fall case. Target moves for summary judgment based on Doumat's failure to timely answer Target's requests for admission (RFAs), which effectively absolve Target of all liability. Target also argues that Doumat has not presented adequate evidence to support her claim. Doumat responds by moving to withdraw her now-deemed admissions and by arguing that Target's motion for summary judgment is premature because discovery is ongoing. Because withdrawal of the deemed admissions would promote presentation of the case on its merits and result in no prejudice to Target, I grant Doumat's motion to withdraw her admissions and deny Target's motion for summary judgment.

**Background**

Doumat alleges she slipped and fell on a wet substance in a Target store. ECF No. 1-1 at 3. Target timely served RFAs on Doumat on October 31, 2023. ECF No. 23-1 at 7. That same day, Doumat's counsel moved to withdraw from the case. ECF No. 16. Magistrate Judge Albregts granted the motion to withdraw on November 21. ECF No. 18. Due in part to this withdrawal and to give Doumat time to find new counsel, the parties stipulated to extend discovery the following day. ECF No. 19. This stipulation did not explicitly mention the

deadline for Doumat to respond to Target's RFAs, which would otherwise be due on November 30. ECF No. 19.

Doumat's new counsel first appeared on January 8, 2024. ECF No. 22. That same day, Target moved for summary judgment based largely on Doumat's failure to respond to the RFAs. ECF No. 23. Target also argued that Doumat has failed to produce sufficient evidence to prove all elements of her negligence claim. ECF No. 23 at 3. Through her new counsel, Doumat served Target with responses to the RFAs on January 16. ECF No. 24-1 at 7. Both Doumat's initial counsel and current counsel assert that they understood the stipulation extending discovery included responding to the RFAs. ECF Nos. 24 at 3; 24-2 at 2. Target's counsel asserts that he did not intend for the stipulation to extend the deadline to respond to RFAs and that no extension is reflected in the magistrate judge's order. ECF No. 26 at 2–3.

**Discussion**

Under Federal Rule of Civil Procedure 36, matters addressed in requests for admissions are admitted and "conclusively established" unless the responding party serves an answer or objection within 30 days or unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 36(a)(3), (b). I may permit a Rule 36 admission to be withdrawn or amended "if it would promote the presentation of the merits of the action and if [I am] not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The merits prong of Rule 36(b) "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* The

prejudice must be more than the party obtaining the admissions now needing to prove its case on the merits. *Id.* Reliance on a deemed admission in preparing a summary judgment motion and lack of discovery, without more, do not constitute prejudice. *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007). Prejudice is more likely to be found when the motion for withdrawal is made in the middle of trial. *See 999 v. C. I. T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

I must consider both the merits and prejudice prongs, but even if both are satisfied the decision whether to permit withdrawal is discretionary. *Conlon*, 474 F.3d at 625. I may also consider other factors, including whether the moving party can show good cause for the delay. *Id.* I should consider these factors in light of the goals of "truth-seeking in litigation and efficiency in dispensing justice." *Id.* at 622 (citing Fed. R. Civ. P. 36(b) advisory committee note). Target, as the party who obtained the admission, has the burden of proving prejudice. *Hadley*, 45 F.3d at 1348.

The RFAs, if not withdrawn, would negate several elements of Doumat's negligence claim.[1] Thus, allowing Doumat to withdraw the admissions would promote the presentation of this case on the merits. Target argues that it is prejudiced by the amount of time that passed and its reliance on the admissions to develop litigation strategies. ECF No. 26 at 7. But Target was aware that the discovery period was extended so Doumat could obtain new counsel, the RFA responses were less than 60 days late, and Target did not conduct any depositions prior to receiving the tardy responses. ECF Nos. 20; 27. Target's reliance on the admissions in preparing

---

[1] RFA No. 1 would admit that Doumat lacks evidence to support her claim; RFA No. 2 would admit that Doumat breached her own duty of reasonable care when she slipped; RFA No. 5 would admit that Doumat was not injured; and RFA No. 7 would admit that there was no dangerous or hazardous condition on the floor of the premises. ECF No. 23-1 at 4. Doumat concedes that if deemed admitted, these facts would negate several elements of her negligence claim. ECF No. 24 at 9.

its motion for summary judgment cannot be the basis for prejudice. *See Conlon*, 474 F.3d at 624. Inconvenience in needing to conduct further depositions or adjust trial strategy is also insufficient when trial is not imminent. *See Hadley*, 45 F.3d at 1349–50 (reversing as abuse of discretion a district court finding of prejudice where the government relied on admissions during depositions and conducted less-vigorous preparation than it would have otherwise done).

Target cites *Conlon* for the proposition that the duration of the non-compliance establishes prejudice and argues that allowing withdrawal under Rule 36(b) is permissive and should not be permitted here. But unlike in *Conlon*, where the government repeatedly warned the other party of the consequences of failing to respond and relied on the admissions through the end of discovery, Target gave Doumat no such warnings knowing she was unrepresented before the 30-day deadline passed. 474 F.3d at 620. Discovery in this case remains open and the parties have agreed to several extensions, so Target has time to cure any issues that arose from the delayed response. *See* ECF No. 34. Target has not met its burden of showing that allowing Doumat to withdraw her deemed admissions would prejudice it.

In exercising my discretion, I may also consider other factors such as whether the delay was made with good cause. *Conlon*, 474 F.3d at 625. In *Weil v. Walmart Inc.*, a similar case from the District of Nevada, a COVID outbreak in Walmart's counsel's office caused it to reassign the case and inadvertently delayed its response to the plaintiff's RFAs. 644 F. Supp. 3d 772, 779 (D. Nev. 2022). The district court found that a two-month delay in responding to the requests was supported by good cause and cured shortly after it was detected. *Id.* Here, Doumat similarly faced a transition between attorneys resulting in a missed deadline that was cured eight days after her new counsel joined the case. Doumat has shown good cause for the delay in seeking withdrawal, justifying an exercise of my discretion.

1    I therefore grant Doumat's motion to withdraw her deemed admissions.  Accordingly, I
2 deny Target's motion for summary judgment to the extent that it is based on those deemed
3 admissions.
4    Target also argues that Doumat has failed to present sufficient evidence to show that
5 Target breached its duty and establish her negligence claim.  Doumat responds that discovery
6 remains open, and she intends to obtain the necessary evidence through the discovery process.
7 Generally, a party may file a motion for summary judgment at any time until 30 days after the
8 close of all discovery. Fed. R. Civ. P. 56(b).  But if a "nonmovant shows by affidavit or
9 declaration that, for specified reasons, it cannot present facts essential to justify its opposition,
10 the court may . . . defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d)(1).  The party
11 moving for a continuance must specifically identify facts "likely to be discovered" through
12 further discovery beyond mere speculation. *S.E.C. v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018)
13 (quotation omitted).
14    Doumat has satisfied Rule 56(d).  Her attorney intends to depose specific Target
15 employees with personal knowledge of the store's conditions and the specific incident, and to
16 obtain video, documents, and admissions relating to Doumat's injury. ECF No. 25 at 2–3.  The
17 declaration further describes the specific facts these discovery methods are likely to find and how
18 they will support the elements of Doumat's claim. *Id.*  I therefore exercise my discretion under
19 Rule 56(d) to deny Target's motion for summary judgment.
20 //
21 //
22 //
23 //

5

## Conclusion

I THEREFORE ORDER that Target's motion for summary judgment [**ECF No. 23**] **is DENIED**.

I FURTHER ORDER that Doumat's motion to withdraw her deemed admissions [**ECF No. 24**] **is GRANTED**.

DATED this 29th day of August, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE