**SAO**
Jared Richards, Esq. (11254)
Scott A. Flinders, Esq. (6975)
1671 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89012
Telephone No.: (702) 476-5900
Facsimile No.: (702) 924-0709
jared@clearcounsel.com
sflinders@clearcounsel.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZAINA DOUMAT, individually<br><br>Plaintiff<br><br>vs.<br><br>TARGET CORPORATIONS; DOES I-X, and ROE CORPORATIONS I-X, inclusive<br><br>Defendant | Case No.: 2:23-cv-01231-APG-DJA<br><br>**STIPULATION REGARDING**<br>**FRCP 35 EXAMINATION**<br><br>**EXAMINER:** Dr. Reynold L. Rimoldi<br>**LOCATION:** Nevada Orthopedic & Spine Center<br>7455 W. Washington Ave, Suite 160<br>Las Vegas, NV 89128<br>**DATE: November 20, 2024**<br>**TIME: 10:00 am** |

IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN Plaintiff ZAINA DOUMAT and TARGET CORPORATIONS, by and through their respective Counsel of Record, that Plaintiff ZAINA DOUMAT will undergo a FRCP 35 medical examination, by Dr. Reynold L. Rimoldi (herein after the "Examiner") on November 20, 2024 from 10:00 a.m. to no later than 12:00 p.m., at Nevada Orthopedic & Spine Center, 7455 W. Washington Ave, Suite 160, Las Vegas, NV 89128, subject to the following:

1. This exam is governed by AB 244 (2023). The Examinee waives no rights under AB 244 (2023).

2. The exam will be limited to subjects and body parts within the Examiner's area of practice and that are in controversy in this matter, that being the ongoing issues Plaintiff is having with her spinal injuries.

3. A Lebanese interpreter will be present during the examination.

4. No diagnostic imaging or invasive testing will be performed.

5. Plaintiff ZAINA DOUMAT will not be required to disrobe other than to the extent necessary for the Examiner to examine the body part(s) related to conditions identified in No. 2.

6. The Examiner's most current and updated 2024 curriculum vitae, testimony history, and any paperwork to be completed by Plaintiff ZAINA DOUMAT for examination, including but not limited to patient history forms, must be given to Plaintiff ZAINA DOUMAT's counsel at least ten (10) business days before the exam, and Plaintiff ZAINA DOUMAT's counsel will fill out only reasonably necessary information. The Examiner will not comment on the fact that Plaintiff did not complete the paperwork on their own.

7. Any report, notes, and other materials generated as a result of the exam will be provided to Plaintiff ZAINA DOUMAT's counsel within thirty (30) days of completion of the examination. This deadline is independent of, and not an extension or replacement of, any other discovery deadline. By requesting this report, Plaintiff ZAINA DOUMAT does not waive any rights or objections regarding this expert or any other experts disclosed in this matter.

8. The Examiner will not ask any questions regarding liability, including the facts of how the incident happened. Prior to the examination, Defense counsel will inform the Examiner that Plaintiff slipped on liquid.

9. The Examiner is permitted to inquire as to the mechanism of injury to the extent it involves areas of the body that were injured in the subject collision.

10. The Examiner may only question Plaintiff ZAINA DOUMAT about claimed injuries that are within his area of practice, as set forth in Parameter No. 2. This includes questions related to how the claimed injuries occurred during the incident as it relates to ZAINA

- 2 -

DOUMAT's spinal injuries and claims regarding her ongoing symptoms.

11. The Examiner is limited in time and scope regarding questions of prior medical history about claimed injuries that are within his area of expertise, as set forth in Parameter No. 2, and limited to within five (5) years before the subject incident of September 9, 2021 (i.e., September 9, 2016).

12. The examiner shall immediately stop any test if Plaintiff expresses physical discomfort resulting from performing the test.

13. Plaintiff ZAINA DOUMAT shall not be financially responsible for any portion of the examination she attends. Should Plaintiff ZAINA DOUMAT fail to attend the examination without three (3) days prior notice, she will be responsible for the cancellation fee as set forth in the Examiner's previously produced fee schedule.

14. The Defendant will provide notice to the examiner that the examination will be audio and video recorded by a videographer.

15. Plaintiff may bring an observer. The observer may not in any way interfere, obstruct, or participate in the examination.

16. Plaintiff ZAINA DOUMAT will not be required to fill out any paperwork at the examination other than a sign in sheet.

17. The total time Plaintiff ZAINA DOUMAT will be at the Examiner's office will not exceed 120 minutes, which includes the time allowed for the examination and any time Plaintiff ZAINA DOUMAT is waiting prior to the exam. In no event shall the total time Plaintiff ZAINA DOUMAT is at the Examiner's office exceed 120 minutes.

    a. The examination itself will be limited to no longer than 90 minutes. The 90 minutes permitted for the medical examination will begin to run once Plaintiff ZAINA DOUMAT is taken from the waiting room.

- 3 -

b. Plaintiff ZAINA DOUMAT will not have to wait in the waiting room for the examination to begin longer than 30 minutes.

c. Should any of the aforementioned time violations occur, Plaintiff ZAINA DOUMAT will first call her counsel to attempt to meet and confer with Defendant's counsel before leaving the exam. Additionally, if defense counsel cannot be contacted for the meet and confer conference, Plaintiff ZAINA DOUMAT is authorized to leave the exam and will not be held responsible for any fees and/or expenses associated with the examination.

18. By agreeing to this examination, Plaintiff ZAINA DOUMAT does not waive any rights to object to the admissibility of the Examiner's testimony or report at trial, and Plaintiff ZAINA DOUMAT expressly reserves the right to object to the same as may be necessary.

19. The Examiner will receive a copy of the Stipulation and Order from defense counsel prior to Plaintiff ZAINA DOUMAT's arrival and comply with all terms of the Stipulation and Order as agreed to by the parties.

20. Only the Examiner and no more than one (1) other staff member may be present at the exam on behalf of Defendants.

21. No sub rosa will be performed on the day of the examination.

22. The Examiner will provide a copy of his handwritten notes with his report.

23. The Examiner will not refer to the examination as "independent".

24. No medical treatment is allowed.

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

25. Plaintiff is not required or responsible for bringing any of her medical records or imaging studies to the examination.

**IT IS SO STIPULATED.**

DATED this 25th day of September, 2024

CLEAR COUNSEL LAW GROUP

*/s/ Scott A. Flinders*

Jared R. Richards, Esq. (11254)
Scott A. Flinders, Esq. (6975)
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, NV 89012
*Attorneys for Plaintiff*

DATED this 25th day of September, 2024

PERRY & WESTBROOK

*/s/ Alan W. Westbrook*

Alan W. Westbrook, Esq. (6167)
11500 S. Eastern, Ste. 140
Henderson, Nevada 89052
*Attorneys for Defendant*

**ORDER**

UPON STIPULATION OF THE PARTIES:

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 9/26/2024

- 5 -