# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Zaina Doumat,

             Plaintiff,

    v.

Target Corporation, et al.,

             Defendants.

Case No. 2:23-cv-01231-RFB-DJA

**Order**
**and**
**Report and Recommendation[1]**

This is a slip and fall case arising out of an incident in which Plaintiff Zaina Doumat slipped, but did not fall, on juice spilled on a Target floor. Plaintiff sues Defendant Target Corporation for damages, alleging one claim for negligence. Plaintiff moves for dispositive or adverse inference sanctions against Defendant for its spoliation of video footage. (ECF No. 58). Defendant moves to strike Plaintiff's expert witness Alan Balian. (ECF No. 60). Because the Court finds that Plaintiff has shown that Defendant spoliated evidence, but that Plaintiff has not met the threshold for the sanctions she seeks, the Court denies her motion for dispositive and evidentiary sanctions without prejudice. Because the Court finds that Defendant has shown that Balian's expert opinion is unreliable, the Court recommends granting Defendant's motion and excluding Balian's report and any proposed expert testimony.

---

[1] Because the relief that Defendant seeks impacts the trial in this matter, the undersigned magistrate judge issues a recommendation on Defendant's motion. *See* Fed. R. Civ. P. 72 (providing that magistrate judges may decide pretrial matters). Although Plaintiff seeks dispositive and trial-related sanctions, because the undersigned denies her motion without prejudice, the undersigned does so in an order because the result of the order is neither dispositive nor impacts the trial. *See Lescinsky v. Clark County School District*, 539 F.Supp.3d 1121, 1125 (D. Nev. 2021) (explaining that when a matter falls outside of the expressly enumerated motions in 28 U.S.C. § 636(b)(1)(A), "courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive").

**I.      Plaintiff's motion for dispositive or adverse inference sanctions.**

**A.      Legal standard.**

Spoliation of evidence includes the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation.  *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).  The party requesting spoliation sanctions bears the burden of establishing a spoliation claim.  *Reinsdorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).  The threshold question in a spoliation decision is whether evidence was altered or destroyed.  *See id.*; *see Lemus v. Olaveson*, No. 2:14-cv-01381-JCM-NJK, 2015 WL 995378, at *9 (D. Nev. Mar. 5, 2015).

Once a party demonstrates that evidence has been altered or destroyed, the moving party must further show the elements of a spoliation claim.  This is because "[t]he bare fact that evidence has been altered or destroyed does not necessarily mean that the party has engaged in sanction-worthy spoliation."  *Reinsdorf*, 296 F.R.D. at 626.  Instead, if a party alters or destroys evidence, the party requesting spoliation sanctions must further demonstrate that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.  *Id.*  If a party demonstrates that another party spoliated evidence, and that sanctions are warranted under the three factors, the court may impose spoliation sanctions under two sources:  Federal Rule of Civil Procedure 37 and the court's inherent authority.

When it comes to spoliation of electronically stored information—like video footage— only Rule 37(e) sanctions are available.  *See Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2024).  Those sanctions include "measures no greater than necessary to cure the prejudice," under Rule 37(e)(1) or presuming that the lost information was unfavorable to the party, instructing the jury that it may or must presume that the information was unfavorable to the party, or dismissal or default under Rule 37(e)(2).  Under Rule 37(e), a court must make specified findings before it may impose a sanction.  *Id.*  The Ninth Circuit explained in *Gregory*:

> Paragraph (1) sets forth a general authority, "upon [a] finding of prejudice to another party from loss of the information," to impose remedial sanctions that are "no greater than necessary to cure the prejudice" resulting from the loss. Fed. R. Civ. P. 37(e)(1). Paragraph (2), however, establishes a more demanding standard before the court may impose certain types of severe sanctions. Such sanctions, the rule states, may be imposed "*only* upon finding that the party [who caused the loss] acted with the *intent* to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2) (emphasis added).

*Id.*

The Ninth Circuit has "held that the intent required by Rule 37(e)(2) 'is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Id.* at 1080 (internal quotations and citations omitted).

### B.    Discussion.

Plaintiff has shown that Defendant spoliated evidence, but has not shown that she is entitled to the dispositive or trial-related evidentiary sanctions she seeks. Plaintiff has carried her burden of meeting the threshold question of whether evidence was destroyed. Plaintiff points out, and Defendant does not dispute, that its Federal Rule of Civil Procedure 30(b)(6) witness testified that every guest who comes into the store is going to be picked up by at least one camera. (ECF No. 58 at 11). Defendant also does not dispute that it did not preserve footage related to the incident. So, Plaintiff has demonstrated the threshold issue that Defendant destroyed evidence consisting of surveillance camera footage depicting her in the store.

Plaintiff has also met her burden of showing the elements of a spoliation claim. First, Plaintiff has shown that Defendant had an obligation to preserve the footage at the time it was destroyed. Under federal law, the duty to preserve evidence begins when litigation is pending or reasonably foreseeable. *Milke v. City of Phoenix*, 497 F.Supp.3d 442, 464 (D. Ariz. 2020) (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)).[2] Similarly,

---

[2] Under the Supreme Court's decision in *Erie R.R. v. Tompkins*, federal courts sitting in diversity apply state substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). At least one court in this district has determined that, in deciding spoliation sanctions in diversity cases, state law determines a party's duty to preserve evidence, but federal rules govern sanctions for breach of that duty. *See State Farm Fire & Cas. Co. v. Broan Mfg. Co.*, 523 F.

under Nevada law, a party has a duty to preserve evidence which it knows or reasonably should know is relevant to a litigation that is pending or reasonably foreseeable. *MDB Trucking, LLC v. Versa Products Company, Inc.*, 475 P.3d 397, 407 (Nev. 2020) (internal citations and quotations omitted). Under federal case law, "[w]hether litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Milke*, 497 F.Supp.3d at 464 (citing *Micron Tech*, 645 F.3d at 1320). This is an objective standard. *Id.* It does not ask whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation. *Id.* Nevada courts appear to employ a similar fact-intensive analysis. *See Banks ex rel. Banks v. Sunrise Hosp.*, 102 P.3d 52, 58-59 (Nev. 2004); *see MDB Trucking*, 475 P.3d at 636 (explaining that the relevance of a piece of destroyed evidence "represents a factual determination for the district court."); *see Fire Ins. Exchange v. Zenith Radio Corp.*, 747 P.2d 911, 914 (Nev. 1987). Here, under both the Federal and Nevada analyses, the Court finds that Defendant should have reasonably foreseen litigation when Plaintiff's attorneys sent it a letter on September 13, 2021, instructing it to preserve evidence, including video evidence. (ECF No. 58-3) ("please consider this letter our request that you ***preserve***…**all photographic/video and/or audio recordings of the incident and the three hours preceding the incident** that are the subject of this claim.") (emphasis in original). Defendant argues that this letter could not have triggered its duty to preserve evidence because Plaintiff sent it to the store, not Target Corporation. (ECF No. 62 at 11). But Defendant does not explain whether someone at its store received the letter or not, read it or not, acted on it or not, or

---

Supp. 2d 992, 995 (D. Ariz. 2007) (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806 (7th Cir. 1995)). Another court has declined to follow that rationale. *See Aramark Mgmt., LLC v. Borgquist*, No. 2:18-cv-01888-JLS-KES-X, 2021 WL 864067, at *3 (C.D. Cal. Jan. 27, 2021) *report and recommendation adopted*, No. 8:18-cv-0188-JLS-KES, 2021 WL 863746 (C.D. Cal. Mar. 8, 2021). And the Ninth Circuit has not explicitly determined this issue. Nonetheless, the Court does not find it necessary to decide whether federal or state law governs here because, as outlined above, the federal and Nevada standards for determining when a party's duty to preserve evidence begin are so similar. So, regardless of which standard the Court employs, it would reach the same conclusion.

whether it would have acted differently if the letter went to its corporate headquarters. Without more, Defendant's argument that it was not on notice of litigation because of where it received the letter is not persuasive. Plaintiff has established the first element of s spoliation claim.

Second, Plaintiff has shown that Defendant destroyed the evidence with a culpable state of mind. For the purpose of the elements of a spoliation claim, many courts in the Ninth Circuit have found that a culpable state of mind includes negligence. *See Reinsdorf*, 296 F.R.D. at 627; *see Soule v. P.F. Chang's China Bistro, Inc.*, No. 2:18-cv-02239-GMN-EJY, 2020 WL 959245, at *4 (D. Nev. Feb. 26, 2020) (compiling cases). Plaintiff asserts that, despite sending preservation of evidence letter, Defendant did not preserve video either of the slip itself or of Plaintiff while she was in the store on the day she was injured. Defendant asserts that on the day of the incident, its team leader—Maele Malia—investigated the incident and prepared a Guest Incident Report. (ECF No. 62 at 3). But neither report prepared on the date of the incident indicates whether Malia reviewed any security footage. (ECF No. 58-1); (ECF No. 58-7). Defendant also asserts that Malia partnered with Asset Protection to see if any footage was available, but was advised that there was no camera coverage by the cabinet organizers and baskets near aisle C32 and C33 (the home department). (ECF No. 62 at 3). But, as Plaintiff points out, the email on which Defendant relies for this assertion does not indicate when Malia worked with Asset Protection.[3] (ECF No. 58-2). The email also assumes that Plaintiff slipped by the "cabinet organizers and baskets over near C32 [and] 33" where there is no camera coverage. (*Id.*). But Plaintiff points out that neither Defendant's Federal Rule of Civil Procedure 30(b)(6) witness—Elizabeth Lonsway—nor the Target store manager—Nicole Florez—knew the aisle in which Plaintiff fell. (ECF No. 58 at 6-10). In its response to Plaintiff's motion, Defendant maintains that Plaintiff slipped in the home department of the store, where C32 and C33 are

---

[3] Plaintiff also raises concerns with the email that Defendant does not address. Plaintiff points out that it is not clear to whom Malia sent this email, why Malia sent it, or why Malia sent the email almost a month after the incident. (ECF No. 58 at 10). Plaintiff also points out that neither Defendant's 30(b)(6) witness nor store manager recognized the email and that the store manager testified that the email was not a Target document or part of Defendant's file regarding Plaintiff's incident. (*Id.*).

located.  But Defendant does not point to any piece of evidence for this assertion.  And Defendant admits that the home department of the store "includes *several* aisles, as well as the one where Plaintiff slipped."  (ECF No. 62 at 3) (emphasis added).  Even if the Court accepted Defendant's explanation that there was no video footage of Plaintiff slipping, Defendant does not provide a persuasive reason for not preserving any other footage showing Plaintiff in the store, especially in light of the fact that Plaintiff requested that Defendant preserve footage in the three hours following her slip.  Defendant simply asserts that "[t]here is no evidence in the record to support a finding that Target routinely or customarily preserves all video of patrons who claim an incident or fall in a store, regardless of whether or not the incident is captured."  (ECF No. 62 at 11).  But Plaintiff did not simply slip in the store, she slipped, a store employee filled out an incident report, and Plaintiff then sent a preservation of evidence letter specifying that she considered footage of her after the slip to be relevant to her case.  So, Defendant was at least negligent in not preserving footage of Plaintiff in the store.

Third, Plaintiff has shown that the footage would have been relevant to her negligence claim such that a reasonable trier of fact could find that it would support that claim.  Plaintiff argues that even if video of the slip does not exist, footage of her walking in the store afterwards would have shown whether she was in any distress, how she walked, and whether she grabbed or rubbed her back.  (ECF No. 58 at 12).  Plaintiff points out that this footage is particularly relevant given Defendant's requests for admission asking Plaintiff to admit that she remained present in the store after her slip, walked through the store, stood in line, and then paid for her purchases.  (*Id.*).  Plaintiff argues that, through these requests for admission, Defendant seeks to show that Plaintiff was not injured because she remained in the store after her slip.  But Plaintiff points out that, without the footage of her in the store afterwards, she cannot support her claim that she was indeed injured despite remaining in the store.  Plaintiff has therefore shown that the evidence was relevant.

Because Plaintiff has shown the elements of a spoliation claim, the Court analyzes sanctions under Rule 37(e).  Here, Plaintiff requests either a default judgment against Defendant or a jury instruction that the video, had it been preserved, would have been unfavorable to

Defendant by showing Plaintiff slip in the puddle and then remain in pain and discomfort while in the store. But Plaintiff has not met the heightened standard required by Rule 37(e)(2) to justify those sanctions. For the Court to impose the sanctions Plaintiff seeks, it must find that Defendant acted with the intent to deprive Plaintiff of the footage. Intent is not clear here. While the circumstances surrounding Defendant's efforts to preserve the footage are not entirely clear, that lack of clarity is not enough for the Court to find that Defendant intentionally destroyed footage. So, the Court declines to recommend default or adverse inference sanctions under Rule 37(e)(2).

Instead, Rule 37(e)(1) is applicable here because Plaintiff has shown that the footage has been lost and that Plaintiff has been prejudiced by that loss. The Court may therefore order measures "no greater than necessary to cure the prejudice," but must take care "to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2)…" Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment. However, Plaintiff has not provided any proposed alternative sanctions that may address the prejudice she faces. So, although the Court finds that sanctions under Rule 37(e)(1) are warranted, it is without sufficient information to craft those sanctions. The Court will therefore deny Plaintiff's motion for spoliation sanctions without prejudice.

## II.    Defendant's motion to strike Plaintiff's expert.

### A.    Legal standard.

Before a witness may come "before the jury cloaked with the mantle of an expert[ ]," the district court must take care to assure that the "proffered witness truly qualifies as an expert" under Federal Rule of Evidence 104 and that his "testimony meets the requirements of" Federal Rule of Evidence 702. *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004, *amended*, 272 F.2d 1289 (9th Cir. 2001). In its role as gatekeeper, the trial court must first determine whether the witness is "qualified as an expert by knowledge, skill, experience, training, or education[.]" Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*"). If the witness qualifies as an expert, the court then considers "whether the reasoning or methodology underlying the testimony is scientifically valid"—the reliability inquiry—and "whether that reasoning or methodology properly can be applied to the

facts in issue" in the case—the relevancy inquiry. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993).

### B.    Discussion.

Plaintiff has not demonstrated that Balian's expert opinions are reliable and so, the Court recommends granting Defendant's motion to strike. Balian has sixty-five years of experience as a supermarket owner and operator, store director, and consultant in retail store operations. (ECF No. 61-1 at 25). Balian provides in his report that he is a retail safety expert and that he has previously testified in the areas of "customer safety, floor maintenance procedures, food preparation, and employee training as to the customary and accepted practice of the retail industry." (ECF No. 61-2 at 2). Balian based his conclusions on Plaintiff's testimony, her husband's testimony, the testimony of Senior Asset Protection employee Elizabeth Lonsway, the testimony of Target Store Director Nicole Florez, the testimony of former Target employee Frankie Romano, photos of an aisle in the Target store at issue, Target's spill cleaning procedures, Target's housekeeping procedures, Target's responses to requests for admission, Target's responses to interrogatories, Target's response to requests for production, and Target's sales floor training guide. (*Id.* at 2-3).

Defendant does not dispute Balian's qualifications themselves. But Defendant argues that Balian's opinion is unreliable because Balian does not support his opinions such that they are his personal opinions rather than expert opinions and because Balian offers opinions outside his area of expertise. (ECF No. 60 at 6).[4] Defendant also asserts that Balian offered no expert testimony as to the issue of causation. (*Id.* at 7). In response, Plaintiff argues that Defendant's arguments

---

[4] Defendant adds that Balian's opinion that, had Defendant produced video it would have assisted in the evaluation as to the length of time that the hazard was on the floor, is more prejudicial than probative because it suggests that Defendant spoliated evidence. (ECF No. 60 at 7). The Court has already found that Defendant spoliated evidence, so it does not reject Balian's opinion on this basis.

Defendant also argues that Balian's opinion is unreliable because Balian did not review the complaint. But Defendant has not shown that Balian needed to review the complaint itself to come to his opinions when he otherwise reviewed the evidence in the case. So, the Court does not reject Balian's opinion on this basis either.

ask the Court to prematurely decide issues of weight and credibility, rather than admissibility. (ECF No. 61 at 3).  Plaintiff argues that Balian supported his opinions with his expertise and that Balian's opinions are well within his expert knowledge.  (*Id.* at 11-12).

An expert's testimony must be "the product of reliable principles and methods," Fed. R. Evid. 702, and not "mere subjective beliefs or unsupported speculation." *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994).  An expert's own assurances that his testimony is the product of reliable principles and methods is not conclusive on the issue of reliability. *Daubert II*, 43 F.3d. at 1315-16.  The proponent of the expert has the burden of proving admissibility.  *Hirata v. Southern Nevada Health District*, No. 2:13-cv-02302-LDG-VCF, 2016 WL 10706085, at *3 (D. Nev. May 31, 2016) (citing *Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc*., 89 F.3d 594, 598 (9th Cir. 1996)).  Conclusions without explanations do not satisfy *Daubert*'s reliability requirement.  *Id.* (citing *Clarr*, 29 F.3d at 500).

Here, Plaintiff has not met her burden to show that Balian's proposed opinions are based on a reliable methodology.  Balian's opinions about retail stores generally and about Defendant's store in particular are too general and not connected to specific portions of Balian's experience or the evidence which Balian reviewed.  So, his opinions consist of bare conclusions and are unreliable.

Balian's opinion consists in part of his general opinions regarding how retail stores operate.  But Balian does not explain how, based on his experience, he arrived at these opinions. He fails to explain why his experience makes him believe, for example, that "[t]he highest and busiest retail stores, including supermarkets, will inspect the overall floor at least hourly…" or that "[c]ameras are positioned in the store to capture critical areas of the store such as the front area and main aisles."  (ECF No. 61-1 at 20-23).  From these general opinions, Balian concludes that Defendant should have been able to detect the spill at issue because "[t]here were personnel in the area where the hazard was 5 feet from the main back aisle."  (*Id.*).  Balian asserts that Defendant did not detect the spill because it did not have video surveillance of the aisle at issue despite its proximity to a main aisle and because Defendant had  "no written procedures…that would account for whether employees are [ensuring the floor is clean and free of hazards]."  (ECF

No. 61-1 at 22-23).  But other than generally refencing Defendant's written procedures, Balian does not connect his conclusions to the evidence he reviewed at all.  And given the general nature of his opinions regarding retail stores, Balian also fails to connect his conclusions about Defendant's store with his experience.  Without more, Balian's opinions are unreliable.  The Court therefore recommends that his report and proposed expert testimony be stricken.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion for spoliation sanctions (ECF No. 58) is **denied without prejudice.**

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that Defendant's motion to strike Plaintiff's expert Alex Balian (ECF No. 60) be **granted.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: January 22, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE